IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs at Nashville July 21, 2015


**STATE OF TENNESSEE v. DAVID WAYNE HEARING**

**Appeal from the Criminal Court for Greene County**
**No. 05CR193          Thomas J. Wright, Judge**

_____

**No. E2015-00173-CCA-R3-CD – Filed August 7, 2015**

_____


The Appellant, David Wayne Hearing, is appealing the trial court's summary dismissal of his Rule 36.1 motion to correct an illegal sentence in which the Appellant claimed he bargained for a life sentence with possibility of parole but was sentenced to life. The trial court found that the same issue was raised in the Appellant's prior Rule 36.1 motion. The prior motion that was dismissed by the trial court and the dismissal was affirmed on appeal by this court. The trial court's order summarily dismissing the Rule 36.1 motion is affirmed under Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

David Wayne Hearing, Pro Se, Henning, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel, for the Appellee, State of Tennessee.


**MEMORANDUM OPINION**

The Appellant appeals the trial court's summary dismissal of his Tennessee Rule of Criminal Procedure 36.1 motion.

## Procedural History

The Appellant pleaded guilty to two counts of first degree murder and pursuant to a plea agreement, was sentenced to serve a life sentence of incarceration. Less than thirty days after accepting a guilty plea, the Appellant filed a motion to withdraw his guilty plea. The trial court interpreted this motion as a petition for post-conviction relief, and denied the motion. This court reversed and remanded for the trial court to view the motion as a motion to withdraw a guilty plea. David Wayne Hearing v. State, No. E2006-00362-CCA-R3-PC, 2006 WL 3813625, at *1 (Tenn. Crim. App. December 28, 2006). Following a hearing, the trial court denied the Appellant's motion to withdraw his guilty plea, and this court affirmed the trial court's decision. David Wayne Hearing v. State, No. E2007-00778-CCA-R3-PC, 2008 WL 481781, at *1 (Tenn. Crim. App. February 22, 2008), perm. app. denied (Tenn. June 23, 2008).

Next, the Appellant filed a petition for post-conviction relief, which the trial court denied. This court affirmed the trial court's denial of the Appellant's petition for post-conviction relief. David Wayne Hearing v. State, No. E2009-02430-CCA-R3-PC, 2010 WL 3837535, at *1 (Tenn. Crim. App. October 4, 2010), perm. app. denied (Tenn. March 9, 2011).

Thereafter, the Appellant filed a petition for a writ of error coram nobis. The trial court denied this petition and the Appellant appealed. Before this court issued its opinion affirming the denial of error coram nobis relief,[1] the Appellant filed a motion to correct an illegal sentence under Rule 36.1 (first Rule 36.1 motion). The trial court appointed counsel, and the State filed a response arguing "that the trial court should dismiss the motion without a hearing because the issue had been previously raised and determined and because the appellant's judgments of conviction showed that he pled guilty to two counts of first degree murder and received life sentences." Thereafter, the trial court dismissed the Appellant's motion finding that the motion failed to state a colorable claim. On appeal, this court affirmed the dismissal. State v. David Wayne Hearing, No. E2014-01908-CCA-R3-CD, 2015 WL 2128600, at *1 (Tenn. Crim. App. May 6, 2015).

On September 29, 2014, nineteen days after the trial court denied the Appellant's first Rule 36.1 motion and seven days after counsel for Appellant filed the notice of

---

[1] David Wayne Hearing v. State, No. E2013-00640-CCA-R3-ECN, 2014 WL 2547780, at *1 (Tenn. Crim. App. June 3, 2014), perm. app. denied (Tenn. Dec. 19, 2014).

appeal in the Appellant's first Rule 36.1 case, the Appellant filed pro se a second Rule 36.1 motion. On January 9, 2015, the trial court summarily dismissed the Appellant's motion finding the motion was "a rehash of the same issue about release eligibility that has been litigated in this Court before." The Appellant filed his notice of appeal on January 23, 2015.

## Analysis

The Appellant in his second Rule 36.1 motion argues that his sentence was illegal because he bargained for life with possibility of parole but was sentenced to life. That is the same argument he made in the first Rule 36.1 motion. That argument has no more merit now than it did when his first Rule 36.1 motion was denied by the trial court and the trial court's decision was affirmed on appeal by this court.

"When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge." See State v. Terrence Wooden, No. W2014-00173-CCA-R3-CD, 2014 WL 7179000 at *2 (Tenn. Crim. App. at Jackson Dec. 17, 2014) (citing Tenn. Ct. Crim. App. R. 20). This court can sua sponte affirm a lower court's judgment under Rule 20. See Larry Preston v. State, No. E2007-02458-CCA-R3-PC, 2008 WL 2448318 at *2 (Tenn. Crim. App. at Knoxville June 18, 2008). The Appellant has already litigated his claim of an illegal sentence. Accordingly, the order of the trial court is hereby affirmed pursuant to Rule 20. The appeal is frivolous.

_____
ROBERT L. HOLLOWAY, JR., JUDGE